**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RIVERWALK CHURCH OF GOD,

    Plaintiff,

v.                                       Case No:   6:22-cv-1364-CEM-LHP

AMERICAN STATES INSURANCE
COMPANY,

    Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSES AND/OR OBJECTIONS TO DEFENDANT'S DISCOVERY REQUESTS (Doc. No. 27)
>
> **FILED:** December 20, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

> **MOTION:** PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSES AND/OR OBJECTIONS TO

> **DEFENDANT'S DISCOVERY REQUESTS (Doc. No. 28)**
>
> **FILED:** December 20, 2022
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

By prior motion, Plaintiff, who is represented by counsel admitted to practice in this Court, sought an extension of time to respond to discovery propounded by Defendant. Doc. No. 25. The Court denied that motion without prejudice for failure to comply with Local Rules 1.08, 3.01(a) and 3.01(g), and in that Order, the Court reminded Plaintiff that the Federal Rules of Civil Procedure apply to this case. Doc. No. 26.

Plaintiff has now filed what appear to be renewed motions, again requesting extensions of time to respond to the discovery. Doc. Nos. 27–28. Besides a difference of wording in the "Certificate of Service . . . and Local Rule 3.01(G) Certification," the motions appear identical. *See* Doc. Nos. 27–28. And apart from changing the font, the motions in large part mirror the prior request previously denied. *Compare* Doc. Nos. 27 *and* 28, *with* Doc. No. 25.

Upon review, the motions will again be denied without prejudice for failure to comply with the Local Rules, in particular Local Rules 3.01(a) and 3.01(g). Plaintiff once again fails to include a memorandum of legal authority, and cites

solely to a Florida Rule of Civil Procedure in support.  *See* Doc. Nos. 27–28.  And the motion fails to comply with Local Rule 3.01(g) because it does not state Defendant's position on the instant requested extension of time to respond to the discovery at issue.[1]

**Plaintiff's counsel is cautioned that any future motions filed in this Court must comply with all applicable Federal Rule of Civil Procedure, Local Rules, and Court Orders.  And future motions must cite applicable federal law in support.  Citations to Florida Rules of Civil Procedure will not suffice.  Future failures to comply may result in the imposition of sanctions without further notice.**  *See also* **Doc. No. 5.**

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2022.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] The second motion merely references a prior conferral effort almost a month ago, and states that "Plaintiff's counsel conferred with Defense counsel via telephone conference on November 28, 2022.  Defense Counsel agreed to an extension of deadlines, however Plaintiff's counsel requires additional time to respond."  Doc. No. 28, at 4.  The first motion does not comply with Local Rule 3.01(g) at all.  *See* Doc. No. 27.

Unrepresented Parties