# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RIVERWALK CHURCH OF GOD,

        Plaintiff,

v.                                Case No:   6:22-cv-1364-CEM-LHP

AMERICAN STATES INSURANCE
COMPANY,

        Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:**   **PLAINTIFF'S AMENDED MOTION TO STAY AND COMPEL APPRAISAL (Doc. No. 44)** |
| **FILED:**   **January 19, 2023** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**. |

## I.   BACKGROUND.

On July 11, 2022, Plaintiff Riverwalk Church of God instituted this action in state court against Defendant American States Insurance Company.   Doc. No. 1-1,

at 4–11.   On August 3, 2022, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(b), and 1332(2).   Doc. No. 1.   The state court complaint is Plaintiff's operative pleading, Doc. No. 1-1, at 4–11, to which Defendant has filed an amended answer and affirmative defenses.   Doc. No. 24.

In the complaint, Plaintiff alleges that at all relevant times, Plaintiff's property located at 801 W 22nd Street in Sanford, Florida was insured under an insurance policy issued by Defendant, policy number 01-CI-356375-8.   Dc. No. 1-1, at 5 ¶¶ 6– 7.   The policy at issue covers five separate buildings on the same premises, including a school/gym (Building 1), church (Building 2), day care center (Building 3), parsonage (Building 4), and storage (Building 5).   Doc. No. 1-3, at 26–28.   *See also* Doc. No. 44-1.   Plaintiff alleges that the property sustained wind and water damage on September 11, 2017 as a result of Hurricane Irma.   Doc. No. 1-1, at 5, 10 ¶¶ 9, 37.   Plaintiff further alleges that Defendant assigned a claim number to the loss, acknowledged that the property sustained a covered loss, and offered payment.   *Id.* at 5 ¶¶ 10–11.   However, the property suffered a loss greater than acknowledged by Defendant, and Defendant failed to adequately provide coverage under the policy.   *Id.* at 5–6 ¶¶ 12–14.   Plaintiff asserts three claims: (1) breach of the insurance policy (Count I); (2) declaratory relief regarding Plaintiff's compliance with the policy, Defendant's breach thereof, and the parties' obligations under the

policy (Count II); and (3) declaratory relief regarding Plaintiff's entitlement to appraisal under the policy (Count III).[1]   *Id.* at 6–11.

According to Defendant, Defendant extended partial coverage for the claim and paid Plaintiff approximately $8,976.45 regarding Building 3 after applying the policy's windstorm deductible for Building 3.   Doc. No. 24 ¶¶ 11, 19; Doc. No. 50-1 ¶ 6.   However, Defendant did not pay Plaintiff for Buildings 1, 2, 4, or 5 because the claimed damages did not exceed the policy's windstorm deductible for those Buildings.   Doc. No. 50-1 ¶ 7.   In investigating Plaintiff's claim, on July 15, 2020, Defendant took an examination under oath ("EUO") of Plaintiff's representative. *Id.* ¶ 8.   After the EUO, Defendant requested further documentation and information from Plaintiff.   *Id.* ¶ 9 & at 4–6.   After several communications

---

[1] The insurance policy contains the following provision regarding appraisal:

2. Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser.   The two appraisers will select an umpire.   If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.   The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire.   A decision agreed to by any two will be binding.   Each party will:

    a. Pay its chosen appraiser; and

    b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

*See* Doc. No. 44-1, at 54.

between the parties, Plaintiff failed to comply.   *Id.* ¶¶ 10–11 & at 7–18.   So, on May 5, 2021, Defendant denied coverage for the claim based on Plaintiff's failure to cooperate with the investigation or otherwise provide requested documents.   *Id.* ¶ 11 & at 19–24.   In its answer and affirmative defenses, Defendant denies that it merely disagrees with the amount of the loss, and maintains its denial that the alleged loss is covered.   *E.g.*, Doc. No. 24 ¶ 38; Doc. No. 1-1, at 10 ¶ 38.   Defendant also asserts that Plaintiff failed to satisfy its post-loss obligations.   Doc. No. 24 ¶¶ 5, 18 & at 10–11.

On September 27, 2022, Plaintiff filed an initial Motion to Stay and Compel Appraisal.   Doc. No. 14.   Upon review, the undersigned denied that motion without prejudice for failure to comply with Local Rule 3.01(g).   Doc. No. 15. Plaintiff did not file a renewed motion at that time.   Instead, the parties conducted their case management conference on October 4, 2022, and submitted their case management report the same day.   Doc. No. 16.   The docket reflects that the parties thereafter engaged in discovery and exchanged disclosures.   Doc. Nos. 25–34, 41.

On January 17, 2023, nearly four months after Plaintiff's initial motion was denied on a purely procedural ground, Plaintiff filed another motion to compel appraisal.   Doc. No. 40.   Two days later, Plaintiff filed an amended motion, which is the subject of this Report.   Doc. No. 44.   Defendant has filed a response in

opposition raising several arguments, including that (1) appraisal is not appropriate because Defendant has denied coverage; (2) Plaintiff waived its right to appraisal by actively participating in this lawsuit and engaging in conduct inconsistent with its appraisal rights; and (3) Plaintiff is in effect seeking summary judgment on the appraisal issue, without complying with summary judgment requirements.   Doc. No. 50.

The motion has been referred to the undersigned, and the matter is ripe for review.   Upon consideration, I will respectfully recommend that the motion be denied without prejudice as premature.

## II.   APPLICABLE LAW.

In a diversity case, the substantive law of the forum state applies.   *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1020 (11th Cir. 2014).   "Under Florida law, an appraisal provision in an insurance policy is enforceable by a court upon a motion or a petition to compel appraisal."   *Shealey v. Geovera Specialty Ins. Co.*, No. 6:18-cv-1635-Orl-31GJK, 2019 WL 1093447, at *1 (M.D. Fla. Jan. 10, 2019), *report and recommendation adopted*, 2019 WL 1161630 (M.D. Fla. Mar. 13, 2019) (citing *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 468 (Fla. 3d Dist. Ct. App. 1999)). "Appraisals are creatures of contract."   *Citizens Prop. Ins. Corp. v. Casar*, 104 So. 3d 384, 385 (Fla. 3d Dist. Ct. App. 2013) (citations omitted).   Accordingly, whether the parties can be compelled to participate in the appraisal process depends on the

provisions of the policy. *J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, No. 6:17-cv-1415-Orl-40GJK, 2017 WL 4685254, at *2 (M.D. Fla. Sept. 29, 2017), *report and recommendation adopted*, 2017 WL 4657721 (M.D. Fla. Oct. 17, 2017) (citations omitted).[2]

"Under Florida law, a dispute regarding a policy's coverage is a question for the Court." *Id.* (citing *Gonzalez v. Am. Sec. Ins. Co.*, No: 8:15-cv-1515-36EAJ, 2015 WL 12852303, at * 4 (M.D. Fla. Nov. 10, 2015). However, when an insurer acknowledges that the loss is covered under the policy, a dispute regarding the amount of the loss is appropriate for appraisal. *Id.* *See Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) (citation omitted) (adopting position that "when the insurer admits that there *is* a covered loss, but there is a disagreement on the *amount* of the loss, it is for the appraisers to arrive at the amount to be paid").

"'[B]efore a [trial] court can compel appraisal under an insurance policy, it must make a preliminary determination as to whether the demand for appraisal is ripe.' A demand is ripe where post[-]loss conditions are met, 'the insurer has a reasonable opportunity to investigate and adjust the claim,' and there is a disagreement regarding the value of the property or the amount of loss." *Am. Cap.*

---

[2] Here, neither party disputes that the insurance policy at issue contains a valid appraisal provision. *See* Doc. No. 44-1, at 54 (policy appraisal provision). *See also* Doc. Nos. 44, 50.

*Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n, Inc.*, 306 So. 3d 1238, 1240 (Fla. 2d Dist. Ct. App. 2020) (quoting *Citizens Prop. Ins. Corp. v. Admiralty House, Inc.*, 66 So. 3d 342, 344 (Fla. 2d Dist. Ct. App. 2011)).   "An insured's compliance with post-loss obligations mandated by the policy, such as timely notice of the loss and cooperation with the insurer's investigation, is . . . a coverage question." *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 20-14729, 2021 WL 3825166, at *1 (11th Cir. Aug. 27, 2021) (citation omitted).[3]   Moreover, "[a] waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." *McPhillips v. Scottsdale Ins. Co.*, No. 2:18-cv-421-FtM-99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) (citing *Fla. Ins. Guar. Ass'n v. Rodriguez*, 153 So. 3d 301, 303 (Fla. 5th Dist. Ct. App. 2014)).   "[T]he primary focus is whether [the party seeking appraisal] acted inconsistently with their appraisal rights." *Neumann v. GeoVera Specialty Ins. Co.*, No. 3:19-cv-463-J-32JBT, 2019 WL 5085312, at *4 (M.D. Fla. July 31, 2019) (citation omitted), *report and recommendation adopted* 2019 WL 5085302 (M.D. Fla. Aug. 19, 2019).

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

**III.    ANALYSIS.**

Upon consideration of the parties' respective briefing, Doc. Nos. 44, 50, the undersigned finds Plaintiff's request for appraisal to be, at the very least, premature, given Defendant's position that it has denied coverage due to Plaintiff's failure to satisfy its post-loss obligations.

Specifically, in the complaint Plaintiff seeks a declaration that it has complied with its duties under the terms of the policy and/or that it has been excused from performing such duties.   Doc. No. 1-1, at 7–8 ¶¶ 23, 28, 30–31.   Defendant denies that Plaintiff is entitled to such relief and that Plaintiff has complied with the terms of the policy.   Doc. No. 24 ¶¶ 23, 28, 30–31.   Also, the record reflects that although Defendant initially paid Plaintiff a sum regarding damage to Building 3, Defendant thereafter denied coverage for Plaintiff's failure to comply with its post-loss obligations during Defendant's investigation of Plaintiff's claim.   *See* Doc. No. 50-1 ¶¶ 9–11 & at 4–24.[4]

At this point, because Defendant wholly denies coverage as it relates to Plaintiff's claims in this lawsuit because Plaintiff failed to comply with its post-loss obligations or otherwise, Doc. No. 24, and because in this lawsuit Plaintiff is seeking

---

[4] The insurance policy identifies several post-loss obligations of the insured, including giving prompt notice of the loss; providing a description of the loss; taking reasonable steps to protect the property from further damage; providing the insurer inventories; permitting inspection of the property; cooperating with the insurer's investigation; and submitting to examination under oath.   *See* Doc. No. 44-1, at 54.

a declaration that it complied with its obligations under the policy (*i.e.*, that coverage was improperly denied or otherwise exists), Doc. No. 1-1, at 4–11, the dispute is one over coverage, which is a proper determination for the Court, not appraisal.   *See, e.g.*, *SB Holdings I, LLC*, 2021 WL 3825166, at *2 (affirming denial of motion to compel appraisal where, "regardless of whether there was a covered loss," the insurer defended on the grounds that the insured failed to comply with post-loss obligations under the policy, which "was a coverage question for the court, not an amount-of-loss question that would have required an appraisal") (citing, *inter alia*, *State Farm Fla. Ins. Co. v. Fernandez*, 211 So. 3d 1094, 1095 (Fla. 3d Dist. Ct. App. 2017) ("It is well-settled in Florida that all post-loss obligations must be satisfied before a trial court can exercise its discretion to compel appraisal."))). The fact that Defendant previously issued payment and/or may have determined that coverage existed but did not exceed the applicable deductibles does not change this result, given that Defendant later denied coverage in its entirety based on Plaintiff's alleged failure to comply with its post-loss obligations.   *See, e.g.*, *Vintage Bay Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 2:18-cv-729-FtM-99CM, 2019 WL 211433, at *3 (M.D. Fla. Jan. 16, 2019) (finding, where insurer previously issued an undisputed payment to repair damage, but insured thereafter failed to comply with additional post-loss obligations, that insured's request for appraisal was not yet ripe); *James D. Nall Co. v. Hartford Cas. Ins. Co.*, No. 10-24215-CV, 2012 WL 13012458,

at *2 (S.D. Fla. Mar. 29, 2012) (even if it were true that insurer previously acknowledged existence of a covered loss, based on the insurer's clear denial of coverage for the damages claimed in the lawsuit, including for violation of policy conditions and exclusions contained within the policy, the request for appraisal by the insured was premature because a coverage issue existed).  *See also State Farm Fla. Ins. Co. v. Hernandez*, 172 So. 3d 473, 477 (Fla. 3d Dist. Ct. App. 2015) ("Requiring that all post-loss obligations be satisfied before the trial court may exercise its discretion to compel appraisal is not only mandated by the case law, it also makes perfect sense.   The goal of alternative dispute resolution is only furthered when the parties have each had a real opportunity to inspect the damages and the receipts to come to a reasonable estimate of the amount of the covered loss.").

Moreover, given that the relief sought by Plaintiff's motion—a determination regarding its right to appraisal—is the same relief sought in Count III of the complaint, and would necessarily require resolution of the factual dispute as to whether Plaintiff complied with its post-loss obligations, the undersigned agrees with Defendant that Plaintiff, by the present motion, in essence seeks summary judgment on the claims raised in the complaint.  *See, e.g.*, *J. W. Mariner Corp. v. Zurich Am. Ins. Co.*, No. 5:20CV143-TKW-MJF, 2021 WL 4958099, at *1 n.1 (N.D. Fla. July 7, 2021) ("Although Plaintiff's motion was styled as a motion to compel arbitration and stay litigation, it is essentially a motion for summary judgment

because it seeks the same relief that was requested in the operative complaint."); *Indian Harbor Ins. Co. v. Int'l Studio Apartments, Inc.*, No. 09-60671-CIV, 2009 WL 10668574, at \*3 (S.D. Fla. Sept. 22, 2009) (considering a motion to compel appraisal as a motion for summary judgment because of a counterclaim demanding appraisal).

Besides the insurance policy (Doc. No. 44-1), a one-line email from Plaintiff's counsel requesting appraisal (Doc. No. 44-2), and a letter from Defendant declining the request for appraisal as improper for Plaintiff's breach of the insurance policy conditions (Doc. No. 44-3), Plaintiff submits no evidence in support of its motion, and otherwise does not even argue that it complied with its post-loss obligations pursuant to the insurance policy. *See* Doc. No. 44. And the pleadings in this matter merely highlight that there is an outstanding dispute as to whether Plaintiff complied with its post-loss obligations. Doc. Nos. 1-1, at 4–11; Doc. No. 24. So, Plaintiff's request for summary disposition at this juncture is also premature. *See, e.g.*, *Gulfside, Inc. v. Lexington Ins. Co.*, No. 2:19-cv-851-FtM-38MRM, 2020 WL 5943853, at \*4 (M.D. Fla. June 23, 2020), *report and recommendation adopted*, 2020 WL 4582144 (M.D. Fla. Aug. 10, 2020) (finding it premature to address on a motion to compel appraisal whether there was substantial compliance with post-loss obligations because a factual dispute remained as to whether with post-loss obligations were satisfied and the issue more appropriately resolve on summary

judgment); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 6:19-cv-668-Orl-40DCI, 2019 WL 5393993, at *3 (M.D. Fla. Sept. 13, 2019) (finding factual dispute as to whether the plaintiff complied with post-loss obligations could not be resolved on a motion to compel appraisal unsupported by evidence on the issue), *report and recommendation adopted*, 2020 WL 1674326 (M.D. Fla. Jan. 9, 2020), *aff'd*, 2021 WL 3825166 (11th Cir. Aug. 27, 2021).[5]

For these reasons, I will respectfully recommend that Plaintiff's Amended Motion to Stay and Compel Appraisal (Doc. No. 44) be denied without prejudice.

## IV.   RECOMMENDATION.

For the reasons stated above, it is respectfully **RECOMMENDED** that the Court **DENY WITHOUT PREJUDICE** Plaintiff's Amended Motion to Stay and Compel Appraisal (Doc. No. 44).

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's

---

[5] Given that Plaintiff's request for appraisal is premature because a coverage dispute remains, the undersigned does not address Defendant's alternative contention that Plaintiff waived its right to appraisal.   *See generally CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-cv-779-FtM-99UAM, 2019 WL 2281678, at *4 (M.D. Fla. May 29, 2019) ("A party cannot act inconsistently with the right to seek appraisal until the insurer admits coverage, or until coverage is determined by the court."). Should the Court disagree, I respectfully recommend that the motion be referred back to the undersigned to address Defendant's contention that Plaintiff waived its right to seek appraisal.

factual findings and legal conclusions.   Failure to serve written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   11th

Cir. R. 3-1.

Recommended in Orlando, Florida on April 25, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy